IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| John Cornelius Dangerfield, individually, and d/b/a Johnny's Enterprises, Inc., d/b/a Johnny's Suzuki of Moncks Corner and Johnny's Suzuki of Summerville, Johnny's Suzuki of Easley, LLC, d/b/a Johnny's Suzuki of Easley, Johnny's Suzuki of Myrtle Beach, LLC, d/b/a Johnny's Suzuki of Myrtle Beach, | ) ) ) ) ) ) ) ) ) | Civil Action No. 2:12-cv-754-CWH |
| Plaintiffs, | ) ) | **AMERICAN SUZUKI MOTOR CORPORATION'S ANSWER TO THE COMPLAINT** |
| vs. | ) ) | |
| American Suzuki Motor Corporation, | ) ) | |
| Defendant. | ) | |

Defendant American Suzuki Motor Corporation ("ASMC"), by and through its undersigned counsel, hereby answers the allegations of Plaintiffs' Complaint as follows:

**FOR A FIRST DEFENSE**

1.  ASMC denies each and every allegation contained in Plaintiffs' Complaint except as specifically admitted, qualified, or explained in this Answer.

**Parties, Jurisdiction, and Venue**

2.  Responding to Paragraph 1 of the Complaint, ASMC admits, upon information and belief, that the Dangerfield Dealerships are South Carolina entities that were engaged in selling and servicing Suzuki motor vehicles in Berkley, Dorchester, Greenville, and Horry counties. ASMC denies the remaining allegations of Paragraph 1 of the Complaint.

3.  Responding to Paragraph 2, ASMC admits, upon information and belief, that John Cornelius Dangerfield is a resident of Charleston County, South Carolina. ASMC lacks

1

sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies same and demands strict proof thereof.

4.      ASMC admits the allegations of Paragraph 3 of the Complaint.

5.      Paragraphs 4, 5, and 6 of the Complaint contain legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC admits that jurisdiction and venue are proper in this action. ASMC denies the remaining allegations of Paragraphs 4, 5, and 6 of the Complaint and demands strict proof thereof.

### Factual Allegations

6.      ASMC denies the allegations of Paragraphs 7, 8, 9, 10, 11, 12, and 13 of the Complaint and demands strict proof thereof.

7.      Responding to Paragraph 14 of the Complaint, ASMC admits that Plaintiffs falsely and fraudulently reported dozens of vehicles as sold into ASMC's sales reporting system even though those vehicles remained in Plaintiffs physical inventory and had not been actually sold. ASMC denies the remaining allegations of Paragraph 14 of the Complaint and demands strict proof thereof.

8.      ASMC denies the allegations of Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 of the Complaint and demands strict proof thereof.

9.      Responding to Paragraphs 25, 26, 27, and 28 of the Complaint, ASMC admits that Joe Gibson Autoworld, Inc. ran advertisements in the Greenville/Spartanburg, South Carolina area at certain times during 2007 and 2008 before it ceased business operations as a Suzuki dealer on August 1, 2008. ASMC denies the remaining allegations of Paragraphs 25, 26, 27, and 28 of the Complaint and demands strict proof thereof.

10. ASMC denies the allegations of Paragraphs 29, 30, 31, 32, and 33 of the Complaint and demands strict proof thereof.

## First Cause of Action
### Misallocation of Vehicles in Violation of
### S.C. Code Ann. § 56-15-40(3)(a)

11. Responding to Paragraph 34 of the Complaint, ASMC restates and re-alleges its previous responses and denials as if fully set forth herein.

12. Paragraphs 35 and 36 of the Complaint contain legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC denies the allegations of Paragraphs 35 and 36 of the Complaint and demands strict proof thereof.

13. ASMC denies the allegations of Paragraphs 37, 38, 39, 40, and 41 of the Complaint and demands strict proof thereof, and denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 41 of the Complaint.

## Second Cause of Action
### Violation of S.C. Code Ann. § 56-15-40(2)(a)

14. Responding to Paragraph 42 of the Complaint, ASMC restates and re-alleges its previous responses and denials as if fully set forth herein.

15. Paragraph 43 of the Complaint contains legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC denies the allegations of Paragraph 43 of the Complaint and demands strict proof thereof.

16. ASMC denies the allegations of Paragraphs 44 and 45 of the Complaint and demands strict proof thereof, and denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 45 of the Complaint.

### Third Cause of Action
### Arbitrary, Bad Faith, or Unconscionable Conduct
### in Violation of S.C. Code Ann. § 56-15-40(1)

17. Responding to Paragraph 46 of the Complaint, ASMC restates and re-alleges its previous responses and denials as if fully set forth herein.

18. Paragraph 47 of the Complaint contains legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC denies the allegations of Paragraph 47 of the Complaint and demands strict proof thereof.

19. ASMC denies the allegations of Paragraphs 48 and 49 of the Complaint and demands strict proof thereof, and denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 49 of the Complaint.

### Fourth Cause of Action
### False or Misleading Advertising in Violation of
### S.C. Code Ann. § 56-15-40(3)(d)

20. Responding to Paragraph 50 of the Complaint, ASMC restates and re-alleges its previous responses and denials as if fully set forth herein.

21. Paragraph 51 of the Complaint contains legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC denies the allegations of Paragraph 51 of the Complaint and demands strict proof thereof.

22. ASMC denies the allegations of Paragraphs 52, 53, 54, and 55 of the Complaint and demands strict proof thereof, and denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 55 of the Complaint.

**Fifth Cause of Action**
**Violation of S.C. Code Ann. § 56-15-65**

23. Responding to Paragraph 56 of the Complaint, ASMC restates and re-alleges its previous responses and denials as if fully set forth herein.

24. Paragraph 57 of the Complaint contains legal conclusions that do not require a response from ASMC. To the extent a response is required, ASMC denies the allegations of Paragraph 57 of the Complaint and demands strict proof thereof.

25. ASMC denies the allegations of Paragraphs 58, 59, 60, 61, and 62 of the Complaint and demands strict proof thereof, and denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause following Paragraph 62 of the Complaint.

**FOR A SECOND DEFENSE**
**(No Wrongful Acts or Omissions)**

26. ASMC specifically denies that it or any of its officers, directors, or employees was guilty of any wrongful acts or omissions which proximately caused or contributed to the damages or other losses alleged and incurred, if any, by Plaintiffs.

**FOR A THIRD DEFENSE**
**(Intervening/Superseding Acts of Third Parties)**

27. If Plaintiffs incurred any loss or damage as alleged in the Complaint, such loss or damage resulted from the intervening and/or superseding acts or omissions of another party or parties over whom ASMC neither exercised nor had any right of control, for which ASMC is not responsible, and whose conduct ASMC had no duty or reason to anticipate or control.

**FOR A FOURTH DEFENSE**
**(No Statutory Violations)**

28. Plaintiffs' claims against ASMC are barred, in whole or in part, because ASMC did not violate any provision of the South Carolina Motor Vehicle Act.

## FOR A FIFTH DEFENSE
### (Lack of Legal Duty)

29.     Plaintiffs' claims against ASMC are barred, in whole or in part, because ASMC does not owe Plaintiffs a duty as a matter of law.

## FOR A SIXTH DEFENSE
### (Lack of Standing)

30.     Plaintiffs' claims against ASMC are barred, in whole or in part, because one or more of the Plaintiffs lacks standing to assert claims against ASMC under the South Carolina Motor Vehicle Act.

## FOR A SEVENTH DEFENSE
### (Release)

31.     Plaintiffs' claims against ASMC are barred, in whole or in part, because Plaintiffs signed a valid and enforceable Release and Settlement Agreement releasing, acquitting, and discharging ASMC from the causes of action and claims asserted by Plaintiffs.

## FOR AN EIGHTH DEFENSE
### (Tender Return of Consideration)

32.     Plaintiffs' claims against ASMC are barred, in whole or in part, because Plaintiffs have failed to tender return of the consideration provided to Plaintiffs under the Release and Settlement Agreement signed by Plaintiffs releasing, acquitting, and discharging ASMC from the causes of action and claims asserted by Plaintiffs.

## FOR A NINTH DEFENSE
### (Ratification of Release)

33.     Plaintiffs' claims against ASMC are barred, in whole or in part, because Plaintiffs have ratified the Release and Settlement Agreement signed by Plaintiffs releasing, acquitting, and discharging ASMC from the causes of action and claims asserted by Plaintiffs.

## FOR A TENTH DEFENSE
### (Accord in Satisfaction)

34.     Plaintiffs' claims against ASMC are barred, in whole or in part, by the doctrine of accord in satisfaction.

## FOR AN ELEVENTH TENTH DEFENSE
### (Ratification)

35.     Plaintiffs' claims against ASMC are barred, in whole or in part, because Plaintiffs have consented to, approved of, ratified and/or condoned the conduct which forms the basis for their claims.

## FOR A TWELFTH DEFENSE
### (Statute of Limitations)

36.     Plaintiffs' claims against ASMC are barred, in whole or in part, by the applicable statute of limitations.

## FOR A THIRTEENTH DEFENSE
### (Reservation of Defenses)

37.     Upon information and belief, Plaintiffs' claims may be barred by one or more of the following affirmative defenses: fraud; misrepresentation; acceptance; statute of repose; laches; waiver; equitable estoppel; judicial estoppel; the doctrine of unclean hands; or any other defense that may be applicable or discovered during the pendency of this case.

*< Signature on Following Page >*

          NELSON MULLINS RILEY & SCARBOROUGH LLP

By: <u>s/Robert H. Brunson</u>
    Stephen G. Morrison, Federal Bar No. 3583
    E-Mail: steve.morrison@nelsonmullins.com
    Steven A. McKelvey, Jr., Federal Bar No. 5407
    E-Mail: steve.mckelvey@nelsonmullins.com
    Paul T. Collins, Federal Bar No. 9055
    E-Mail: paul.collins@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    Robert H. Brunson, Federal Bar No. 4971
    E-Mail: robert.brunson@nelsonmullins.com
    151 Meeting Street, Sixth Floor
    Charleston, SC  29401-2239
    (843) 853-5200

Attorneys for Defendant American Suzuki Motor Corporation

Charleston, South Carolina

June 11, 2012.